**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Anthony PETERSON, AKA Michael Peterson, Defendant-Appellant.**

No. 15-50203

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2017

Filed October 24, 2017

L. Ashley Aull, Assistant U.S. Attorney, Jeffrey Michael Chemerinsky, Esquire, Vicki Chou, Assistant U.S. Attorney, Diana Kwok, Bram Alden, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee

Phillip A. Trevino, Esquire, Attorney, Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant-Appellant

Before: REINHARDT and KOZINSKI, Circuit Judges, and BERG,* District Judge.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The Honorable Terrence Berg, United States District Judge for the Eastern District of

### MEMORANDUM [**]

1. Advertising child pornography "to a particular subset of the public" violates 18 U.S.C. § 2251(d). United States v. Grovo, 826 F.3d 1207, 1218 (9th Cir. 2016). Peterson fails to explain how his actions differed from those in Grovo. See id. at 1211–13, 1217–19. The district court therefore didn't err in denying Peterson's motion to acquit on the Section 2251(d) count.

2. To the extent Peterson challenges the jury instruction that defined "advertisement," there was no error because the instruction "fairly and adequately cover[ed] the issues presented." See United States v. Soulard, 730 F.2d 1292, 1303 (9th Cir. 1984).

3. The district court was entitled to believe Special Agent Frank Day when he said he didn't use the hashing tools prohibited by the warrant. See United States v. Bynum, 362 F.3d 574, 578 (9th Cir. 2004) ("Factual findings underlying the denial of the motion are reviewed for clear error.").

4. Nor did the district court commit plain error by allowing the prosecution to present redacted child pornography images to the jury. The government made a plausible argument as to why it needed to show the images to prove its case, and the court gave a cautionary instruction. See United States v. Ganoe, 538 F.3d 1117, 1123–24 (9th Cir. 2008) (jury could be shown a selection of child pornography images that "were highly probative of the state of mind with which the files were received and possessed").

Michigan, sitting by designation.

5. We grant the government's pending unopposed motion to file its supplemental excerpt of record under seal.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.